IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Davion Wilkins, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>BTW Transportation, Inc., )<br>a Tennessee Corporation. )<br>)<br>Defendant. )<br>) | Civil Action, Case No.: _____<br><br>JURY DEMANDED |

**VERIFIED COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Davion Wilkins (hereinafter referred to as "Mr. Wilkins" or "Plaintiff"), by and through counsel, and for his Complaint against Defendant BTW Transportation, Inc. (hereinafter referred to as "BTW" or "Defendant") states as follows.

## NATURE OF THE COMPLAINT

1. Mr. Wilkins brings this action against BTW Transportation, Inc., a Tennessee corporation, for the violation of federal law, specifically the Emergency Paid Sick Leave Act (EPSLA) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Wilkins seeks declaratory relief; back pay; front pay; unpaid Emergency Paid Sick Leave compensation; and liquidated damages and/or other damages as permitted by applicable law; in addition to attorney's fees and expenses incurred in this action.

## PARTIES

3. Mr. Wilkins is a resident of Memphis, Shelby County, Tennessee.

1

4. At all relevant times, Mr. Wilkins was an employee of Defendant for FLSA purposes.

5. Defendant BTW Transportation, Inc., is a Tennessee corporation and may be reached for service at, 831 Bullington Avenue, Memphis, TN 38106-4652.

6. Defendant was Mr. Wilkins' employer at all times pertinent to this complaint.

## JURISDICTION AND VENUE

7. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

8. Defendant is a legal entity incorporated in the State of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

9. Defendant does business in the Western District of Tennessee. Furthermore, a substantial part of the events giving rise to Mr. Wilkins' claims occurred in the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Tennessee.

## FACTUAL BACKGROUND

10. Defendant employed Mr. Wilkins as Driver from approximately April of 2019 until July 11, 2020.

11. On or about June 30, 2020, Mr. Wilkins took his mother to the hospital where she was tested for COVID-19.

12. On or About July 1, 2020, Mr. Wilkins' mother received the results of her test indicating that she had tested positive for COVID-19.

13. On or About July 1, 2020, Mr. Wilkins' notified Mr. Bridges, owner of BTW Transportation, that he would need to self-quarantine while awaiting testing for COVID-19. Mr. Bridges approved.

14. Mr. Wilkins was tested on or about July 7, 2020, the earliest available date.

15. Mr. Wilkins COVID-19 test has a turnaround period of five to ten days.

16. Mr. Wilkins provided BTW with frequent updates on the status of his status during this turnaround period.

17. On or About July 11, 2020, Mr. Bridges fired Mr. Wilkins, stating that he had refused to come to work.

## COUNT I
## FAILURE TO PROVIDE REQUIRED COMPENSATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FLSA

18. Mr. Wilkins re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 17 as if they were set forth fully herein.

19. The Emergency Paid Sick Leave Act, a law passed under the Families First Coronavirus Response Act, requires that an employer shall provide each employee paid sick leave at the employee's regular rate of pay where the employee is unable to work because the employee is quarantined, and or experiencing COVID-19 symptoms and seeking a medical diagnosis. H.R. 6201, Families First Coronavirus Response Act.

20. Under the Emergency Paid Sick Leave Act an employer who violates this act shall, "be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor and Standards Act of 1938 and be subject to the penalties described in sections 16 and 17 of such Act". H.R. 6201, Families First Coronavirus Response Act.

21. "No employee who appropriately utilizes emergency paid sick leave" under the Emergency Paid Sick Leave Act "will be discharged, disciplined or discriminated against for work time missed due to this leave." H.R. 6201, Families First Coronavirus Response Act.

22. Upon information and belief, at all relevant times, Defendant was an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

23. Upon information and belief, at all relevant times, Defendant employed and/or continues to employ "employee[s]," such as Mr. Wilkins.

24. Mr. Wilkins was required to self-quarantine by a health care professional and put BTW on notice of that fact. Once BTW was put on notice, they were required to provide Mr. Wilkins with eighty (80) hours of paid sick leave as a full-time employee at his regular rate.

25. Neither Defendant nor Mr. Wilkins were, during the entirety of Mr. Wilkins' employment with Defendant, exempt from the Emergency Paid Sick Leave Act and was thus entitled to be paid emergency sick leave.

26. BTW did not provide Mr. Wilkins with this required paid sick leave and as a result is in violation of Section 6(a)(1) of the FLSA.

### COUNT II
### WRONGFUL TERMINATION/RETALIATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FLSA

27. Mr. Wilkins re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 as if they were set forth fully herein.

28. Under the Emergency Paid Sick Leave Act, "[n]o employee who appropriately utilizes emergency paid sick leave under" the Act "will be discharged, disciplined or discriminated against for work time missed due to this leave."

## DEMAND FOR JURY TRIAL

Plaintiff Davion Wilkins hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip E. Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, Davion Wilkins, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Davion wilkins*
Davion Wilkins
10 / 30 / 2020
Date

7

# HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Wilkins - Phase II ALS & Complaint to review/verify |
| **FILE NAME** | Phase II FL...-103020.doc and 1 other |
| **DOCUMENT ID** | 42599157d0b43737dd32d84a4e2517f06c96dada |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** — 10 / 30 / 2020 — 12:09:06 UTC-6
Sent for signature to Davion Wilkins (davionwilkins390@gmail.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED** — 10 / 30 / 2020 — 16:35:50 UTC-6
Viewed by Davion Wilkins (davionwilkins390@gmail.com)
IP: 107.77.241.17

**SIGNED** — 10 / 30 / 2020 — 16:37:09 UTC-6
Signed by Davion Wilkins (davionwilkins390@gmail.com)
IP: 107.77.241.17

**COMPLETED** — 10 / 30 / 2020 — 16:37:09 UTC-6
The document has been completed.

Powered by HELLOSIGN